UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X          Civil Action No.

ANGELICA CASTLE,

                              Plaintiff,                  **COMPLAINT**

         -against-

PLS CHECK CASHERS OF NEW YORK, INC.,         PLAINTIFF DEMANDS A
COGENCY GLOBAL INC.,                          TRIAL BY JURY
PERLA RAMIREZ, individually,
RUBY MATEO, individually, and
ALBINA ALMONTAE, individually,

                              Defendants.
-------------------------------------------------------------------------X

        Plaintiff, ANGELICA CASTLE (hereinafter "Plaintiff" and "CASTLE") by and through

her attorneys, DEREK SMITH LAW GROUP, PLLC, as and for her Complaint in this action

against the Defendants, PLS CHECK CASHERS OF NEW YORK, INC. (hereinafter referred to

as "PLS"), COGENCY GLOBAL INC. (hereinafter referred to as "COGENCY"), PERLA

RAMIREZ (hereinafter referred to as "RAMIREZ"), individually, RUBY MATEO (hereinafter

referred to as "MATEO"), individually, and ALBINA ALMONTAE (hereinafter referred to as

"ALMONTAE"), individually, (hereinafter collectively referred  to as "Defendants"),

respectfully alleges as follows:


**NATURE OF CASE**

1. Plaintiff complaints pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42

    U.S.C. §2000e et Seq. ("Title VII"), 42 U.S.C. §1981 ("1981"),  as well as New York State

    Executive Law and New York City Administrative Code seeking damages to redress the injuries

Plaintiff has suffered as a result of being discriminated against by her employers, *inter alia*, on the basis of her race, color, and national origin, together with being subjected to a hostile work environment, retaliation and unlawful termination.

## JURISDICTION AND VENUE

2. This Court has jurisdiction based on 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

3. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII and 1981. The Court also has jurisdiction pursuant to 29 U.S.C. § 2617; 28 U.S.C. §§ 1331, 1343, and pendent jurisdiction thereto.

4. Plaintiff filed a complaint with the Equal Employment Opportunity Commission on May 29, 2019.

5. Plaintiff received a Notice of Right to Sue letter, dated July 23, 2019.

6. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

7. Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the Southern District of New York.

## PARTIES

8. Plaintiff ANGELICA CASTLE (hereinafter referred to as "Plaintiff" and/or "CASTLE") is an individual African American woman who is a resident of the State of New York, Bronx County.

9. At all times material, Defendant PLS is a domestic business corporation duly existing by the

virtues and laws of the State of New York.

10. At all times material, Defendant PLS owns and operates a chain of check cashing businesses nationwide, including in the State of New York that does business in New York.

11. At all times material, Defendant COGENCY is a foreign business corporation duly existing by the virtues and laws of the State of Delaware that does business in New York.

12. At all times material, Defendants PLS and COGENCY (hereinafter referred to collectively as "Corporate Defendants") were joint employers of Plaintiff.

13. At all times material, Defendant RAMIREZ was and is a District Manager of Corporate Defendants. RAMIREZ held supervisory authority over Plaintiff, controlling many of Plaintiff's job duties. RAMIREZ held the power to hire and fire Plaintiff. RAMIREZ is a Hispanic woman.

14. At all times material, Defendant MATEO was and is the Manager of Corporate Defendants. MATEO held supervisory authority over Plaintiff, controlling many of Plaintiff's job duties. MATEO held the power to hire and fire Plaintiff. MATEO is a Hispanic woman.

15. At all times material, Defendant ALMONTAE was and is a Director of Operations of Corporate Defendants. ALMONTAE held supervisory authority over Plaintiff, controlling many of Plaintiff's job duties. ALMONTAE held the power to hire and fire Plaintiff.

16. Corporate Defendants meet the definition of an employer under all applicable federal, state, and local statutes. Corporate Defendants each have more than fifteen (15) employees.

## MATERIAL FACTS

17. On or about October 6, 2017, Defendants hired Plaintiff as a Customer Service Representative.

18. From the onset of Plaintiff's employment with Defendants, Plaintiff was the only African American employee in Defendants' location at 84 West Fordham Road, Bronx, NY 10468.

19. Approximately six months after she began her employment, on or about April 6, 2018, Plaintiff was promoted to a supervisor.

20. On or about August 18, 2018, Defendants' employee RAMIREZ became the District Manager for Defendants' location where Plaintiff worked.

21. Shortly after RAMIREZ became Plaintiff's District Manager, RAMIREZ began making racially discriminatory comments within earshot of Plaintiff.

22. By way of example, Defendants' Employee RAMIREZ repeatedly stated, "Watch black people," and "Get black people out of the work area."

23. Defendant RAMIREZ's racially discriminatory comments made Plaintiff feel extremely anxious and depressed, as she knew the comments were directed toward her as the only African American employee in that store.

24. On or about September 28, 2018, Defendant MATEO contacted Plaintiff to notify her that RAMIREZ had accused her of cashing a fraudulent check on or about September 20, 2018.

25. MATEO went on to inform Plaintiff that RAMIREZ wanted to terminate Plaintiff immediately, despite the fact that it was not in Defendants' standard policy to terminate an employee for mistakenly cashing one fraudulent check.

26. The next day, on or about September 29, 2018, Defendant RAMIREZ issued Plaintiff a final warning. Plaintiff refused to sign the document, highlighting that the punishment she was being given was much harsher than that issued to her fellow employees in similar situations.

27. Defendant RAMIREZ responded, "That's okay. I don't care what you do. I am going to get you fired." RAMIREZ then proceeded to speak to another one of Defendants' Hispanic employees in Spanish in an attempt to make Plaintiff increasingly uncomfortable working for Defendant.

28. Defendants subjected Plaintiff to a hostile work environment on the basis of her race, color, and national origin.

29. Defendants discriminated against Plaintiff on the basis of her race, color, and national origin by issuing Plaintiff a write up.

30. On or about October 26, 2018, Defendant MATEO informed Plaintiff that Defendants' Employee RAMIREZ had accused Plaintiff of stealing funds from Defendants. MATEO further informed Plaintiff that RAMIREZ had called the police and wanted Plaintiff to be arrested.

31. Notably, the incident where Plaintiff was accused of cashing a fraudulent check had taken place a month prior to Defendants' baseless allegation that Plaintiff was stealing from Defendants.

32. On or about October 26, 2018, when the police arrived, they were unable to find any proof on Defendants surveillance cameras depicting Plaintiff stealing as she had been accused of doing.

33. Shaken up and upset, Plaintiff asked Defendant MATEO if she could go home to the day. MATEO allowed Plaintiff to go home for the day.

34. Before Plaintiff left, Defendant MATEO stated, "We all know Perla (referring to Defendant RAMIREZ) is racist."

35. Later that evening, Defendant MATEO called Plaintiff to inform her that she was suspended. MATEO further instructed Plaintiff not to come into work the following day, on or about October 27, 2018.

36. Defendants subjected Plaintiff to a hostile work environment on the basis of her race, color, and national origin.

37. Defendants discriminated against Plaintiff on the basis of her race, color, and national origin.

38. On or about November 14, 2018, after repeated calls to Defendant MATEO, Plaintiff contacted Defendants' President to find out the status of her suspension.

39. Defendants' President informed Plaintiff that she was terminated effective November 12, 2018.

40. The same day, on or about November 14, 2018, Defendants' Director of Operations ALBINA ALMONTAE (hereinafter referred to as "ALMONTAE") contacted Plaintiff and informed her that Plaintiff was terminated because her register was short twice and that she had a "no-call/no-show" on October 27, 2018.

41. Plaintiff notified ALMONTAE that she had been instructed not to come in on October 27, 2018, and she had never been disciplined or reprimanded for the shortages of her register prior to her refusal to sign the egregiously unfair write-up given to her by Defendant RAMIREZ in or around September 2018.

42. Defendants retaliated against Plaintiff for engaging in protected activity.

43. Defendants discriminated against and terminated Plaintiff on the basis of her race, color, and national origin.

44. Defendants subjected Plaintiff to a hostile work environment on the basis of her race, color, and national origin.

45. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

46. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

47. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured unwarranted financial hardships and irreparable damage to her professional reputation.

48. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

49. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

50. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all Defendants, jointly and severally.

51. Plaintiff also seeks reinstatement.

52. Plaintiff claims alternatively (in the event Defendants Claim so or that the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

53. The above are just some of the examples of unlawful, discriminatory, and retaliatory conduct to which Defendants subjected Plaintiff.


**AS A FIRST CAUSE OF ACTION
FOR DISCRIMINATION UNDER TITLE VII
(AGAINST CORPORATE DEFENDANTS)**

54. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

55. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2 provides that:

    (a) It shall be an unlawful employment practice for an employer

        (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

56. Corporate Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e-2 by terminating Plaintiff, creating a hostile work environment, and otherwise discriminating against Plaintiff because of the basis of her race, color, and national origin, together with being subjected to a hostile work environment.

57. Corporate Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
## (AGAINST CORPORATE DEFENDANTS)

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

59. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to . . . discriminate against any of her employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

60. Corporate Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e-3(a) by terminating Plaintiff and otherwise discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of Defendant including, but not limited to, termination.

61. Corporate Defendants retaliated against Plaintiff for her opposition to the unlawful employment practices of Defendants.

62. Corporate Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## 42 U.S.C. SECTION 1981
## (AGAINST ALL DEFENDANTS)

63. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

64. 42 U.S. Code § 1981 - Equal rights under the law states provides:

1. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

65. Defendants constantly enforced a purposefully discriminatory pattern and practice of depriving African-American and Black individuals of the equal rights described therein, in further violation of 42 U.S.C. §1981.

66. By the conduct described above, Defendants intentionally deprived Plaintiff of the same rights as are enjoyed by white citizens, to the creation, performance, enjoyment, and all benefits and privileges of her contractual relationship with Defendants, in violation of 42 U.S.C. §1981.

67. As a result of Defendants' discrimination in violation of Section 1981, as a member of the African American race, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of her contractual relationship, which provided substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and having suffered such anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendants' actions, thereby entitling Plaintiff to compensatory damages.

68. As alleged above, Defendants acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling Plaintiff to an award of punitive damages.

69. Defendants violated the above and Plaintiffs suffered numerous damages as a result.

**AS A FOURTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER STATE LAW**
**(AGAINST ALL DEFENDANTS)**

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

71. Executive Law § 296 provides that   "1. It shall be an unlawful discriminatory practice:  "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

72. Defendant engaged in an unlawful discriminatory practice by discriminating against and wrongfully terminating Plaintiff based on her race, color, and national origin.

73. Defendants violated the above and Plaintiff suffered numerous damages as a result.

74. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

**AS A FIFTH CAUSE OF ACTION**
**FOR RETALIATION UNDER STATE LAW**
**(AGAINST ALL DEFENDANTS)**

75. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: For any person engaged in any activity to which this section applies

to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

76. Defendants engaged in an unlawful discriminatory practice by wrongfully discharging in unlawful retaliation.

77. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A SIXTH CAUSE OF ACTION
### FOR AIDING AND ABETTING UNDER STATE LAW
### (AGAINST ALL DEFENDANTS)

78. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

79. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so.

80. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

81. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

82. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

83. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice:  "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

84. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by wrongfully terminating Plaintiff's employment and discriminating against him based on her race, color, and national origin.

85. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

86. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS AN EIGHTH CAUSE OF ACTION
## FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

87. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

88. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(e) by discriminating against the Plaintiff by wrongfully terminating her employment in unlawful retaliation for her opposition to Defendants' unlawful conduct.

89. Defendants violated the above and Plaintiff suffered numerous damages as a result.


## AS A NINTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER THE NYC ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

90. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

91. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice:

92. "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

93. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory conduct and unlawful termination of Plaintiff by Defendant.

94. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A TENTH CAUSE OF ACTION
### FOR INTERFERENCE UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

95. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

96. Section 8-107(19), entitled Interference with protected rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of her or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

97. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS AN ELEVENTH CAUSE OF ACTION
### FOR SUPERVISOR LIABILITY UNDER THE NYC ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

98. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

99. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor. Provides

a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions.

b. An employer shall be liable for an unlawful discriminatory practice based upon the

conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

>   (1) the employee or agent exercised managerial or supervisory responsibility; or
>
>   (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
>
>   (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

100. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in an amount which exceeds the jurisdiction of all lower courts for all damages including but not limited to compensatory damages, punitive damages, statutory damages, lost wages, back pay, front pay, attorney's fees, costs, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

<u>**JURY DEMAND**</u>

Plaintiff demands a trial by jury on all issues so triable.

Dated:  New York, New York
        October 21, 2019

                              DEREK SMITH LAW GROUP, PLLC
                              Attorneys for Plaintiff

                              By: _/s/ Ishan Dave_____

                                  Ishan Dave, Esq.
                                  One Penn Plaza, Suite 4905
                                  New York, New York 10119
                                  212.587.0760